Counsel for Plaintiffs
Weisberg Cummings, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PENNY P. ORNER, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CROCODILE ENTERPRISES, INC. <br><br> and <br><br> KURT E. LINNEMAN, <br><br> Defendants. | Case No.: _____ <br><br> **JURY TRIAL DEMANDED** <br><br> *Electronically Filed* |

**THIS FIRM IS A DEBT COLLECTOR AND WE ARE ATTEMPTING TO COLLECT A DEBT OWED TO OUR CLIENTS. ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THE PURPOSE OF COLLECTING THE DEBT.**

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff, PENNY P. ORNER ("Ms. Orner" or "Named Plaintiff"), individually and on behalf of all others similarly situated (collectively "Plaintiffs"), by and through undersigned counsel, Weisberg Cummings, P.C., hereby files this Collective and Class Action Complaint ("Complaint") against CROCODILE ENTERPRISES, INC. ("CEI") and KURT E. LINNEMAN ("Mr. Linneman," and collectively with CEI, "Defendants"), and alleges violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101 *et seq.* ("PMWA"), and the Pennsylvania Wage Payment

and Collection Law, 43 P.S. § 260.1 *et seq.* ("PWPCL"), as well as common law claims of conversion and unjust enrichment, as follows:

## PARTIES

### A. Named Plaintiff

1. Ms. Orner has been employed as a Driver at CEI since on or about May 23, 2018. Ms. Orner is a resident of the Commonwealth of Pennsylvania, residing at 720 Norway Road, Chadds Ford, Chester County, Pennsylvania. Ms. Orner's consent to join the collective action aspect of this lawsuit is attached to Named Plaintiff's Complaint as Exhibit A.

2. At all times relevant to this Complaint, Ms. Orner and all those similarly situated were "employees" of Defendants for purposes of the FLSA, PMWA, and PWPCL, and were individual employees engaged in commerce as required by the FLSA, 29 U.S.C. §§ 206 and 207.

### B. Defendants

3. CEI is a corporation formed under the laws of the Commonwealth of Pennsylvania, with a registered business address of 940 West Valley Road, Wayne, Chester County, Pennsylvania 19087.

4. At all times relevant to this Complaint, CEI owned and operated a cafe and catering business located at 940 West Valley Road, Wayne, Chester County, Pennsylvania, doing business as Crocodile Café & Catering.

5. Mr. Linneman is, on information and belief, the owner of CEI, and is employed and engaged in a managerial capacity with CEI.

6. Mr. Linneman is a resident of the Commonwealth of Pennsylvania.

7. At all times relevant to this Complaint, Defendants have been an employer within the meaning of the FLSA, PMWA, and PWPCL.

8. At all times relevant to this Complaint, CEI has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

9. At all times relevant to this Complaint, CEI has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce. 29 U.S.C. § 203(s)(1).

10. CEI has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000. 29 U.S.C. § 203(s)(1).

## JURISDICTION AND VENUE

11. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Subject matter jurisdiction over Plaintiff's claims arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

12. The PMWA and PWPCL each provide for a private right of action to enforce their provisions. This Court has supplemental jurisdiction over Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

13. Venue in this district is proper under 28 U.S.C. § 1391(b), because Defendants do business in this district, operate a business facility in this district, and substantial unlawful conduct giving rise to the claims set forth in this Complaint occurred in this district.

## BACKGROUND

14. Plaintiff was a driver at CEI and paid an hourly wage of $17.50 during the limitations period.

15. The FLSA, related federal regulations, and Pennsylvania wage and hour laws permit an employer to utilize a tip pooling arrangement, subject to the requirements that a valid tip pool may not include employees who do not customarily and regularly received tips.

Additionally, in a valid tip pool arrangement, the employer must notify tipped employees of any required tip pool contribution amount and may not retain any of the employees' tips for any other purpose.

16. Defendants implemented a mandatory tip pooling arrangement for Plaintiffs.

17. Defendants, however, violated the FLSA, related federal regulations, and Pennsylvania wage and hour laws with respect to the application of the mandatory tip pool in the following ways:

   a. During the three (3) years preceding this Complaint, and continuing, the tip pool created by Defendants included employees who do not customarily and regularly receive tips;

   b. During the three (3) years preceding this Complaint, and continuing, Defendants improperly retained funds from the tip pool, estimated to be anywhere from twenty percent (20%) to eighty percent (80%) of the tip pool, for CEI's ownership;

   c. Employees were never notified regarding the specific tip pool procedures and application;

   d. Defendants took steps to keep the exact nature and application of the tip pool secret; and

   e. Defendants knew and were aware of their violations of the applicable laws regarding tip pools and, in fact, have taken efforts to conceal such violations. Defendants' violations of the applicable laws are willful and malicious.

18. In addition to the above violations of federal and state laws, Defendants' above actions constitute unlawful conversion because Defendants have improperly and intentionally diverted and retained monies owned by Plaintiffs.

19. Named Plaintiff and other current and former employees are similarly situated to one another, shared similar duties and compensation, and were subject to the same tip pool.

20. With respect to Named Plaintiff's FLSA claims, Named Plaintiff seek to represent a collective class (the "FLSA Class") that is comprised of and defined as:

> All persons employed by Crocodile Enterprises, Inc. during the applicable statute of limitations period who were subjected to the tip pool.

21. This action is being brought as a collective action under the FLSA, 29 U.S.C. § 216(b) because Named Plaintiff and the FLSA Class are similar in that they all: (a) had similar duties; (b) performed similar tasks; (c) were required to contribute to an illegal tip pool; and (d) were not subject to individualized circumstances that impact their right to recover the damages sought herein.

22. Named Plaintiff brings the PMWA and PWPCL statutory claims, and the common law claims for conversion and unjust enrichment, pursuant to Fed. R. Civ. P. 23 on behalf of a class (the "State Class") defined as:

> All persons employed by Crocodile Enterprises, Inc. during the applicable statute of limitations period who contributed tips to the tip pool.

23. The State Class as defined above is identifiable. The Named Plaintiff is a member of the State Class.

24. The State Class, upon information and belief, consists of a large number of individuals, both current and former employees of Defendants sufficient to satisfy numerosity as required by Rule 23(a)(1), and is thus so numerous that joinder of all members is impracticable.

5

25. Furthermore, members of the State Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

26. There are questions of law and fact which are not only common to the Class, but which predominate over any questions affecting only individual members of the Class. The predominating common questions include, but are not limited to:

    a. Did Defendants maintain a tip pool;

    b. Did Defendants share tips from the tip pool with employees who are not permitted to share in tips;

    c. Did Defendants subsidize their wage obligations to non-tip earning employees with tips from the tip pool;

    d. Did Defendants take money from the tip pool for their own benefit;

    e. Did Defendants operate the tip pool in a way that violates the FLSA;

    f. Did Defendants operate the tip pool in a way that violates the PMWL;

    g. Did Defendants' failures to timely and fully pay employees all wages owed violate the PWPCL;

    h. Did Defendants' failure to pay employees all wages owed upon termination violate the PWPCL;

    i. Did Defendants' operation of the tip pool constitute conversion;

    j. Did Defendants' operation of the tip pool constitute unjust enrichment; and

    k. Did Defendants accept and retain the benefit of the monies they required the Plaintiffs, FLSA Class, and State Class to pay into the tip pool?

27. The prosecution of the separate actions by individual members of the State Class would create a risk of establishing incompatible standards of conduct for Defendants, within the meaning of Fed. R. Civ. P. 23 (b)(1)(A).

28. The claims of Named Plaintiff are typical of the claims of each member of the State Class, within the meaning of Fed. R. Civ. P. 23(a)(3), and are based on and arise out of identical facts constituting the wrongful conduct of Defendants.

29. Named Plaintiff will fairly and adequately protect the interests of the FLSA Class and the State Class. Named Plaintiff, the FLSA Class, and the State Class have retained counsel experienced and competent in class actions and complex employment litigation.

30. Named Plaintiff has no conflict of interest with the State Class.

31. Named Plaintiff is able to fairly and adequately represent and protect the interest of the members of the FLSA Class and the State Class. Plaintiff's counsel is competent and experienced in litigating class actions.

32. The common questions of law and fact enumerated above predominate over questions affecting only individual members of the State Class, and a class action is the superior method for fair and efficient adjudication of the controversy, within the meaning of Fed. R. Civ. P. 23(b)(3). The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

33. There are no unusual difficulties in the management of this case as a class action.

34. The books and records of Defendants are material to Plaintiff's case as they disclose the hours worked, tip pool contributions required and the basis for calculation of the contributions required, tip pool amounts actually contributed and distributed, and wages paid to members of the State Class.

## COUNT I

### VIOLATIONS OF THE FLSA

35. Named Plaintiff incorporates all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

36. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

37. Named Plaintiff, and others similarly situated, are "employees" covered by the FLSA, and Defendants are collectively and individually their "employer."

38. As set forth above, Defendants utilized a mandatory tip pool to which Plaintiffs and others similarly situated contributed. The mandatory tip pool implemented and enforced by Defendants violated, *inter alia*, the FLSA and related regulations (which include 29 U.S.C. §§ 203(m), 203(t), 206; 29 C.F.R. §§ 531.50 – 531.60). The mandatory tip pool was illegal because: (1) it included employees, and, upon information and belief, members of management qualifying as an "employer" under the FLSA, who do not customarily and regularly receive tips; (2) it did not allow Plaintiffs to retain all tips received by them because of Defendants' unlawful use of the tip pool; (3) the nature and application of the tip pool was neither explained nor agreed to by Plaintiffs and other employees contributing to the tip pool; and (4) Defendants failed to notify Plaintiffs and others similarly situated of their legal rights with respect to their tips and the tip pool.

39. Based on Defendants' violations of the tip pooling provisions of the FLSA and related regulations, unpaid wages are due and owing to Named Plaintiff and others similarly situated.

40. Defendants' violation of the FLSA was willful and malicious.

8

WHEREFORE, Named Plaintiff Penny P. Orner, individually and on behalf of all others similarly situated, and all those opting into this lawsuit, respectfully requests that this Honorable Court enter Judgment in her favor and against Defendants, Crocodile Enterprises, Inc. and Kurt E. Linneman, jointly and severally, as follows:

(a) Certify Count I as a collective action pursuant to 29 U.S.C. § 216(b);

(b) Order Defendants to file with this Court and furnish to counsel a list of all names and addresses of all CEI employees who contributed to the tip pool during the applicable statute of limitations period;

(c) Authorize Plaintiff's counsel to issue notice at the earliest possible time to all current and former employees of CEI who contributed to the tip pool during the applicable statute of limitations period, informing them that this action has been filed, the nature of the action, and of their right to opt-in to this lawsuit if they contributed to the tip pool during the liability period;

(d) Enter judgment in favor of Named Plaintiff and all those opting into this lawsuit and against Defendants, jointly and severally, for violations of the FLSA's tip pool requirements;

(e) Award Named Plaintiff and all those opting into this lawsuit their unpaid wages and the amounts unlawfully contributed to the tip pool, in an amount to be shown at trial;

(f) Award Named Plaintiff and all those opting into this lawsuit an additional equal amount as liquidated damages;

(g) Award Named Plaintiff and all those opting into this lawsuit pre- and post-judgment interest at the legal rate;

(h) Award Named Plaintiff and all those opting into this lawsuit costs and reasonable attorneys' fees in bringing this action;

(i) Enter an Order enjoining Defendants from future violations of the tip pooling provisions of the FLSA; and

(j) Award Named Plaintiff and all those opting into this lawsuit any other relief this Court or a jury deems appropriate.

## COUNT II

## VIOLATIONS OF THE PMWA

41. Named Plaintiff incorporates all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

42. Plaintiffs and the members of the State Class are "employees" and Defendants are each an "employer" covered by the PMWA. 43 Pa.C.S. § 333.103.

43. As set forth above, Defendants, by their conduct, violated the PMWA through their failure to properly inform Named Plaintiff and the State Class members of the applicable sections of the PMWA and through their actions, which have prevented Named Plaintiff and the State Class members from retaining all tips received by them. 43 Pa.C.S. § 333.103(d).

44. Unpaid wages are, therefore, due and owing to Named Plaintiff and the State Class members.

45. Defendants' failure and refusal to pay Named Plaintiff and the State Class in accordance with the requirements of the PMWA was willful, intentional, and not in good faith.

WHEREFORE, Named Plaintiff Penny P. Orner, individually and on behalf of all others similarly situated, respectfully requests that this Honorable Court enter Judgment in her favor

10

and against Defendants, Crocodile Enterprises, Inc. and Kurt E. Linneman, jointly and severally, as follows:

 (a) Certify Count II as a class action;

 (b) Enter judgment in favor of Named Plaintiff and all members of the State Class and against Defendants, jointly and severally, for violations of the PMWA;

 (c) Award Named Plaintiff and all members of the State Class their unpaid wages and the amounts unlawfully contributed to the tip pool during the applicable statute of limitations period, in an amount to be shown at trial;

 (d) Award Named Plaintiff and all members of the State Class liquidated damages as provided under Pennsylvania law;

 (e) Award Named Plaintiff and all members of the State Class pre- and post-judgment interest at the legal rate;

 (f) Award Named Plaintiff and all members of the State Class their costs and reasonable attorneys' fees in bringing this action;

 (g) Enter an Order enjoining Defendants from future violations of the tip pooling, tip credit, and minimum wage provisions of the PMWA; and

 (h) Award Named Plaintiff any other relief this Court or a jury deems appropriate.

## COUNT III

### VIOLATIONS OF THE PWPCL
### (Failure to Pay Wages by Improperly Withholding Tips
### and Violating the FLSA and PMWA)

46. Named Plaintiff incorporates all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

47. Defendants are each an "employer" as that term is defined under the PWPCL, and are thereby subject to liability for wages, liquidated damages and reasonable attorneys' fees for non-payment of salary and/or wages.

48. As set forth above, Defendants knowingly failed to pay Named Plaintiff's and State Class members' wages timely and upon termination of employment pursuant to Sections 260.3(a) and 260.5(a) of the PWPCL. Specifically, through the improper tip pooling arrangements, Defendants have failed to pay Plaintiffs and State Class members their full wage regularly with each paycheck and upon Plaintiff's and any similarly situated State Class members' termination of employment.

49. The total amount due to Named Plaintiff and all State Class Members by Defendants constitutes wages under Section 260.2a. of the PWPCL, and failure to pay the amount due constitutes a violation of the PWPCL.

50. In accordance with Section 260.10 of the PWPCL, by reason of Defendants' actions, Named Plaintiff and all State Class Members are entitled to liquidated damages in an amount equal to twenty-five percent (25%) of the wages due or five hundred dollars ($500), whichever is greater, in addition to all wages due.

51. In accordance with Section 260.9a of the PWPCL, by reason of Defendants' actions, Named Plaintiff and all State Class Members are entitled to reasonable attorneys' fees associated with this action.

52. Defendants' failure to pay Named Plaintiff's and State Class members' wages was not the result of any bona fide dispute.

WHEREFORE, Named Plaintiff Penny P. Orner, individually and on behalf of all others similarly situated, respectfully requests that this Honorable Court enter Judgment in her favor

and against Defendants, Crocodile Enterprises, Inc. and Kurt E. Linneman, jointly and severally, as follows:

 (a) Certify Count III as a class action;

 (b) Enter judgment in favor of Named Plaintiff and all State Class members and against Defendants, jointly and severally, for failing to pay wages in violation of the PWPCL;

 (c) Award Named Plaintiff and each State Class member liquidated damages in an amount equal to twenty-five percent (25%) of the wages due or $500, whichever is greater, in addition to all wages due, in an amount to be shown at trial;

 (d) Award Named Plaintiff and all State Class members pre- and post-judgment interest at the legal rate;

 (e) Award Named Plaintiff and all State Class members their costs and reasonable attorneys' fees in bringing this action;

 (f) Enter an Order enjoining Defendants from future violations of the wage provisions of the PWPCL; and

 (g) Award Named Plaintiff and all State Class members any other relief this Court or a jury deems appropriate.

## COUNT IV

### CONVERSION

53. Named Plaintiff incorporates all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

54. Defendants knowingly and purposely took and interfered with Named Plaintiff's and all State Class members' personal property, *viz.*, the gratuities held in the "tip pool," which

13

monies Named Plaintiff and all State Class members either possessed or to which they had an immediate right of possession. Specifically, Defendants improperly and intentionally diverted a portion of the "tip pool" to compensate employees who do not customarily and regularly receive tips, including members of management, at Named Plaintiff's and all State Class members' expense. Upon information and belief, Defendants also took monies from the tip pool for themselves.

55. Upon information and belief, the amount of money contributed by each employee into the tip pool is recorded by the Defendants and distributed. Further, The Pennsylvania Department of Labor and Industry and the Internal Revenue Service require that the Defendants record where each dollar contributed by each employee went.

56. Defendants did not have permission or justification for their taking of such monies and exercised dominion and control over such monies.

57. Defendants have unlawfully withheld the monies from Named Plaintiff and all State Class members and have benefitted from their actions to the detriment of Named Plaintiff and all State Class members.

58. Defendants' actions were done with intent and actual malice, without justification, and were not taken in good faith.

WHEREFORE, Named Plaintiff Penny P. Orner, individually and on behalf of all others similarly situated, respectfully requests that this Honorable Court enter Judgment in her favor and against Defendants, Crocodile Enterprises, Inc. and Kurt E. Linneman, jointly and severally, as follows:

(a) Certify Count IV as a class action;

(b)     Enter judgment in favor of Named Plaintiff and all State Class members and against Defendants, jointly and severally, for conversion of Named Plaintiff's and all State Class members' property;

(c)     Award Named Plaintiff and all State Class members the value of the converted property during the applicable statute of limitations period, in an amount to be shown at trial;

(d)     Award Named Plaintiff and all State Class members punitive damages in an amount to be determined by the jury;

(e)     Award Named Plaintiff and all State Class members pre- and post-judgment interest at the legal rate;

(f)     Award Named Plaintiff and all State Class members their costs and reasonable attorneys' fees incurred in bringing this action; and

(g)     Award Named Plaintiff and all State Class members any other relief this Court or a jury deems appropriate.

## COUNT V

### UNJUST ENRICHMENT

59.     Named Plaintiff incorporates all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

60.     Defendants' requirement that Named Plaintiff and all State Class members contribute monies for unlawful inclusion in the "tip pool" conferred a benefit upon Defendants, who as Defendants, upon information and belief, retained such monies, at least in part, and used the remainder to pay other employees' wages.

61. Defendants appreciate and know of the benefit conferred upon them by requiring Named Plaintiff and all State Class members to contribute monies, otherwise owned by them, to the "tip pool."

62. Defendants have accepted and retained the benefit of the monies they unlawfully required Named Plaintiff and all State Class members to contribute to the "tip pool." Defendants' wrongful acceptance and retention of such monies makes it inequitable for them to retain the benefit of such monies without return of such monies to Named Plaintiff and all State Class members.

WHEREFORE, Named Plaintiff Penny P. Orner, individually and on behalf of all others similarly situated, respectfully requests that this Honorable Court enter Judgment in her favor and against Defendants, Crocodile Enterprises, Inc. and Kurt E. Linneman, jointly and severally, as follows:

(a) Certify Count V as a class action;

(b) Enter judgment in favor of Named Plaintiff and all State Class members and against Defendants, jointly and severally, for unjust enrichment;

(c) Award Named Plaintiff and all State Class members damages in the form of the monies they have contributed to the "tip pool" during the applicable statute of limitations period, in an amount to be shown at trial;

(d) Award Named Plaintiff and all State Class members pre- and post-judgment interest at the legal rate;

(e) Award Named Plaintiff and all State Class members their costs and reasonable attorneys' fees in bringing this action; and

(f) Award Named Plaintiff and all State Class members any other relief this Court or a jury deems appropriate.

## JURY DEMAND

Named Plaintiff and all members of the FLSA and State Classes demand a trial by jury on all issues triable to a jury as a matter of right.

Respectfully submitted,

**Weisberg Cummings, P.C.**

August 12, 2021  
Date

*/s/ Derrek W. Cummings*  
Derrek W. Cummings  
Bar I.D. No.: PA 83286  
dcummings@weisbergcummings.com

*/s/ Larry A. Weisberg*  
Larry A. Weisberg  
Bar I.D. No.: PA 83410  
lweisberg@weisbergcummings.com

*/s/ Steve T. Mahan*  
Steve T. Mahan  
Bar I.D. No.: PA 313550  
smahan@weisbergcummings.com

*/s/ Michael J. Bradley, Jr.*  
Michael J. Bradley, Jr.  
Bar I.D. No.: PA 329880  
mbradley@weisbergcummings.com

2704 Commerce Drive, Suite B  
Harrisburg, PA 17110  
(717) 238-5707  
(717) 233-8133 (FAX)

*Counsel for Plaintiff*